**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Damien M. MINGARELLI,**
**Defendant–Appellant.**

**No. 12–30077.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2013.*

Filed March 22, 2013.

Joseph William Bottini I, Esquire, Assistant U.S. Attorney, Jo Ann Farrington, Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Allison Elizabeth Mendel, Mendel & Associates, Anchorage, AK, Defendant–Appellant.

Before: PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Damien M. Mingarelli appeals from the district court's judgment and challenges the 80–month sentence imposed following his guilty-plea conviction for conspiracy to

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

launder proceeds of unlawful distribution of controlled substances, in violation of 18 U.S.C. § 1956(h). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mingarelli contends that the district court procedurally erred by failing to appreciate its discretion to vary downward from the Guidelines on policy grounds under *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). We review for plain error, *see United States v. Ayala–Nicanor*, 659 F.3d 744, 746–47 (9th Cir.2011), *cert. denied,* —— U.S. ——, 132 S.Ct. 1941, 182 L.Ed.2d 797 (2012), and find none. The record reflects that the district court recognized, but chose not to exercise, its *Kimbrough* discretion to vary from the Guidelines based on a reasonable policy disagreement with the Guidelines' treatment of Oxycodone. *See id.* at 752.

Mingarelli also contends that the district court clearly erred when it applied a four-level aggravating role enhancement under U.S.S.G. § 3B1.1(a). The record reflects that the district court did not clearly err when it determined that Mingarelli was an organizer or leader of a criminal activity that involved at least five participants. *See United States v. Garcia*, 497 F.3d 964, 970 (9th Cir.2007) (a section 3B 1.1(a) enhancement "does not require control over all of the five or more participants"); *United States v. Maldonado*, 215 F.3d 1046, 1051 (9th Cir.2000) (district court may rely on evidence in presentence report when determining applicability of section 3B 1.1(a)).

**AFFIRMED.**